IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| JOSHUA BRADNEY,<br><br>**Plaintiff,**<br><br>v.<br><br>CEDAR COUNTY, JAMES McCRARY et. al.,<br><br>**Defendants.** | Case No.: 6:24-cv-03263-MDH |

## ORDER

Before the Court are Defendants James McCrary and Robert Graves (collectively "Defendants") Motion to Dismiss for Failure to State a Claim. (Docs. 7). Defendants have submitted their suggestions in support, Plaintiff has submitted his suggestions in opposition (Doc. 11) and Defendants have filed their reply. (Doc. 12). The motion is now ripe for adjudication on the merits. For reasons herein, Defendants' Motion to Dismiss is **DENIED**.

## BACKGROUND

This case arises out Plaintiff's disclosure of alleged physical and sexual abuses he suffered by staff members or other boys at Agape Boarding School ("Agape") to members of the Cedar County Sheriff's Department. Plaintiff is a resident of the State of Indiana and Defendants are all residents of Missouri.

Plaintiff was a student at Agape from 2014 to 2016. Plaintiff alleges that Cedar County law enforcement was often at the school conducting conceal carry classes for the community and would watch the students on Valentine's Day. Plaintiff alleges during these events he would tell various

1

members of the Cedar County Sheriff's Department of the abuses that were occurring on the premises of Agape. Plaintiff alleges he told them that he had been physically and sexually abused by the other boys at the school and by the staff. Plaintiff alleges he would show them the scars from being shanked however, no action was taken.

Plaintiff alleges he reached out to multiple members of the Cedar County Sheriff's Department who would tell Plaintiff to go talk to the staff. Plaintiff alleges that the Sheriff's deputies were on the premises when one of the boys allegedly raped Plaintiff in the bathroom. Plaintiff alleges he reported the incident immediately thereafter, but no action was taken. Plaintiff alleges he was aware of five boys who ran away from Agape Boarding School and who were returned to the school by the Cedar County Sheriff's Department with punishments following any reports made to law enforcement by the Agape staff.

Plaintiff brings nine counts in this action: Count One – 42 U.S.C. § 1983 Failure to Train; Count Two – 42 U.S.C. § 1983 Failure to Protect; Count Three – Aiding and Abetting Constitutional Violations; Count Four – 42 U.S.C. § 1983 Supervisory Liability; Count Five – Action under 18 U.S.C. § 1581 et seq.; Count Six – Negligence; Count Seven – Negligent Failure to Supervise Children; Count Eight – Intentional Infliction of Emotional Distress; and Count Nine – Negligent Infliction of Emotional Distress.

**STANDARD**

A complaint must contain factual allegations that, when accepted as true, are sufficient to state a claim of relief that is plausible on its face. *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving

party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (internal citations omitted). The complaint's factual allegations must be sufficient to "raise a right to relief above the speculative level," and the motion to dismiss must be granted if the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 545 (2007). Further, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

## DISCUSSION

Defendants argue that all Plaintiff's asserted claims are barred by the applicable statue of limitations. Further Defendants argue that Plaintiff cannot bring a cause of action under 18 U.S.C. § 1581. The Court will take each argument in turn.

### I. Statute of Limitations

Defendants state that Plaintiff was a student at Agape from approximately 2014 to 2016 and that Plaintiff's cause of action was filed on September 9, 2024, which is eight years after the approximate latest date that Plaintiff was at Agape. Defendants argue that none of the claims pled by Plaintiff have a statue of limitations in excess of five years and that Plaintiff's claims should be dismissed based on the statute of limitations. Plaintiff argues that the statute of limitations is tolled for minors until the age of twenty-one. Plaintiff states he is currently twenty-four and thus his claims are timely filed.

When exercising diversity jurisdiction, the federal court applies the forum state's substantive law to any state law claims. *May v. Nationstar Mortg., LLC*, 852 F.3d 806, 813 (8th

3

Cir. 2017). All § 1983 suits must be brought within a state's statute of limitations for personal-injury actions. *Nance v. Ward,* 597 U.S. 159, 174, 142 S. Ct. 2214, 2225, 213 L. Ed. 2d 499 (2022). Missouri Revised Statute 516.120 defines what actions must be brought within the five-year statute of limitation. A five-year statute of limitations applies to "[a]n action for taking, detaining or injuring any goods or chattels, including actions for the recovery of specific personal property, or for any other injury to the person or rights of another, not arising on contact and not herein otherwise enumerated[.]" Mo. Rev. Stat. § 516.120.4. However, if any person entitled to bring an action in sections 516.100 to 516.370 and at the time the cause of action is under twenty-one years of age, such person may bring such actions within the respective times in sections 516.100 to 5.16.370 after turning twenty-one. Mo. Rev. Stat. § 516.170.

Here, Plaintiff states he is currently 24 years of age within his briefing to the Court. (Doc. 11, page 5). Plaintiff alleges he attended Agape Boarding School from 2014 to 2016 making him approximately 13 to 15 years of age during the events of this litigation. Plaintiff filed his Complaint on September 9, 2024, when he would have been approximately 23 years of age. Plaintiff had five years from the age of twenty-one to bring his claims pursuant to the statute of limitations as defined under Mo. Rev. Stat. § 516.170. Plaintiff timely brought his claims and thus the statute of limitations has not run on any of Plaintiff's claims. For the reasons stated, Defendants' Motion to Dismiss Plaintiff's Complaint based on the statute of limitations is **DENIED**.

## II.     18 U.S.C. § 1581 et seq.

Defendants argue that Plaintiff, as a private citizen cannot bring a civil claim under a criminal statue. Defendants also argue that 18 U.S.C. § 1581 is a criminal statue regarding peonage; obstruction enforcement and that private citizens do not have standing to enforce criminal statues or have them enforced. Further, Defendants argue in order to have a civil remedy under 18

U.S.C. § 1595, Plaintiff must first establish a violation of 18 U.S.C. § 1581 which Plaintiff has not pleaded and cannot show. Plaintiff argues that 18 U.S.C. § 1595 specifically grants a civil action for events defined by and covered in 18 U.S.C. § 1581 et. esq.

18 U.S.C. § 1595, often referred to as the Trafficking Victims Protection Reauthorization Act ("TVPRA"), provides a private right of action for human trafficking victims to sue their traffickers. On December 23, 2008, this right of action was expanded, allowing suits against not only traffickers themselves, but also those who knowingly benefit from a trafficking venture. Following the 2008 amendments, the law, in pertinent part, provides as follows.

> An individual who is a victim of a violation of this chapter may bring a civil action against the perpetrator (or whoever knowingly benefits, or attempts or conspires to benefit, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter) in an appropriate district court of the United States and may recover damages and reasonable attorneys fees. 18 U.S.C. § 1595(a)

*Drew v. Householder*, No. 6:22-CV-03211-MDH, 2023 WL 8789744, at *2 (W.D. Mo. Dec. 19, 2023).

Here, the Complaint alleges Defendants violated 18 U.S.C. § 1581 and 18 U.S.C. § 1589 to give rise to a civil remedy from 18 U.S.C. § 1595. 18 U.S.C. § 1581 governs peonage and obstructing enforcement. It states:

> (a) Whoever holds or returns any person to a condition of peonage, or arrests any person with the intent of placing him in or returning him to a condition of peonage, shall be fined under this title or imprisoned not more than 20 years, or both. If death results from the violation of this section, or if the violations includes kidnapping or an attempt to kidnap, aggravated sexual abuse or the attempt to commit aggravated sexual abuse, or an attempt to kill, the defendant shall be fined under this title imprisoned for any term of years or life, or both.
>
> (b) Whoever obstructs, or attempts to obstruct, or in any way interferes with or prevents the enforcement of this section, shall be liable to the penalties prescribed in subsection (a).

18 U.S.C. § 1581(a)-(b). Plaintiff alleges that Agape engaged in activities that affected interstate commerce, and that Plaintiff was held and worked by lawless methods against his will for the purpose of compelling him to discharge real or alleged obligations, creating a condition of peonage under the 13th Amendment to the United States Constitution. (Complaint ¶¶ 62-63). "Defendants all received benefits of value from participating in the joint venture in which peonage, slavery, and trafficking in persons occurred. Each Defendant acted knowingly or in reckless disregard of the fact that the venture engaged in these violations." (Complaint ¶ 68). "Defendants knew or should have known that Agape and each individual defendant were engaging in acts in violation of 18 U.S.C. § 1581 et seq. as part of their joint venture." (Complaint ¶ 69).

18 U.S.C. § 1589 governs forced labor. It states:

(a) whoever knowingly provides or obtains the labor or services of a person by any one of, or by any combination of, the following means --

(1) by means of force, threats of force, physical restraint, or threats of physical restraint to that person or another person

(2) by means of serious harm or threats of serious harm to that person or another person;

(3) by means of the abuse or threatened abuse of law or legal process; or

(4) by means of any scheme, plan, or pattern intended to cause the person to believe that, if that person did not perform such labor or services, that person or another person would suffer serious harm or physical restraint

shall be punished as provided under subsection (d).

(b) Whoever knowingly benefits, financially or by receiving anything of value, from participation in a venture which has engaged in the providing or obtaining of labor or services by any of the means described in subsection (a), knowing or in reckless disregard of the fact that the venture has engaged in the providing or obtaining of labor or services by any such means, shall be punished as provide in subsection (d).

18 U.S.C. § 1589(a)-(b). Plaintiff alleges Defendants aided and abetted the tracking and peonage … by means of force and threats of force, threats of physical restraint, threatened abuse of law or legal process, and by means of a scheme, plan and patterned intend to cause Plaintiff to believe

6

that he or another person would suffer serious harm or restraint. (Complaint ¶¶ 64-66). Plaintiff further alleges:

> All of the Defendants named in this count acted in reckless disregard of the fact that the venture engaged in the providing of labor through force, physical restraint, threats of physical restraint, serious harm, or threats of serious harm to Plaintiff or another, through abuse of law and legal process, and by means of a scheme plan, or pattern intend to cause Plaintiff to believe that he would suffer serious harm or physical restraint if he failed to provide the labor or services. (Complaint ¶ 67).

Here, Defendants are correct a private citizen cannot enforce a criminal statute; 18 U.S.C. § 1595 provides a civil remedy that allows Plaintiff a remedy based upon a violation under 18 U.S.C. Chapter 77. The Court finds no support that dictates Defendants be found guilty of the underlying criminal statute in order for a remedy to be had under 18 U.S.C. § 1595. However, taking the Complaint's allegations as true for the purpose of a motion to dismiss, Plaintiff fails to sufficiently raise a right to relief above a speculative level. Plaintiff does not plead with particularity when Defendants received a benefit for their alleged participation in a joint venture with Agape nor does Plaintiff state what benefit Defendants derived from their participation. For the reasons stated, Defendants' Motion to Dismiss Count Five – Action Under 18 U.S.C. § 1581 et seq is **SUSTAINED WITHOUT PREJUDICE**. Plaintiff will have 30 days from this Order to file an Amended Complaint that specifies when Defendants received benefits of value, and what those received benefits of value where from participating in the joint venture in which peonage, slavery, and trafficking in persons allegedly occurred pursuant to 18 U.S.C § 1595.

## CONCLUSION

For the reasons set forth herein, Defendants' Motions to Dismiss for Failure to State a Claim as to the statute of limitations is **DENIED**. Defendants' Motions to Dismiss for Failure to State a Claim as to 18 U.S.C. § 1581 et seq is **SUSTAINED WITHOUT PREJUDICE**. Plaintiff

will have 30 days from this Order to file an Amended Complaint that specifies when Defendants received benefits of value, and what those received benefits of value where from participating in the joint venture in which peonage, slavery, and trafficking in persons allegedly occurred pursuant to 18 U.S.C § 1595.

**IT IS SO ORDERED.**

Dated: April 28, 2025

*/s/ Douglas Harpool*
**DOUGLAS HARPOOL**
**United States District Judge**