IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| JOSHUA BRADNEY, <br><br> Plaintiff, <br><br> v. <br><br> CEDAR COUNTY SHERIFF'S DEPARTMENT, JAMES "JIMBOB" McCRARY et. al., <br><br> Defendants. | Case No.: 6:24-cv-03263-MDH |

## ORDER

Before the Court are Defendants Cedar County, Missouri, Cedar County Sheriff's Department, Robert Graves and Sheriff James "JimBob" McCrary's (collectively "Cedar County Defendants") Motion to Dismiss Plaintiff's First Amended Complaint. (Docs. 47). Cedar County Defendants have submitted their Suggestions in Support (Doc. 48) and Plaintiff has failed to respond. The motion is now ripe for adjudication on the merits. For reasons herein, Cedar County Defendants' Motion to Dismiss is **GRANTED IN PART AND DENIED IN PART**.

## BACKGROUND

This case arises out Plaintiff's disclosure of alleged physical and sexual abuses he suffered by staff members or other boys at Agape Boarding School ("Agape") to members of the Cedar County Sheriff's Department. Plaintiff is a resident of the State of Indiana and Defendants are all residents of Missouri.

Plaintiff was a student at Agape from 2014 to 2016. Plaintiff alleges that the Cedar County Sheriff's Department was often at the school conducting conceal carry classes for the community

1

and would watch the students on Valentine's Day. Plaintiff alleges during these events he would tell various members of the Cedar County Sheriff's Department of the abuses that were occurring on the premises of Agape. Plaintiff alleges he told them that he had been physically and sexually abused by the other boys at the school and by the staff. Plaintiff alleges he would show them the scars from being shanked; however, no action was taken.

Plaintiff alleges he reached out to multiple members of the Cedar County Sheriff's Department who would tell Plaintiff to go talk to the staff. Plaintiff alleges that the sheriff's deputies were on the premises when one of the boys allegedly raped Plaintiff in the bathroom. Plaintiff alleges he reported the incident immediately thereafter, but no action was taken. Plaintiff states he was aware of five boys who ran away from Agape Boarding School and who were returned to the school by the Cedar County Sheriff's Department with punishments following any reports made to law enforcement by the Agape staff.

Plaintiff brings nine counts in this action: Count One – 42 U.S.C. § 1983 Failure to Train; Count Two – 42 U.S.C. § 1983 Failure to Protect; Count Three – Aiding and Abetting Constitutional Violations; Count Four – 42 U.S.C. § 1983 Supervisory Liability; Count Five – Action under 18 U.S.C. § 1581 et seq.; Count Six – Negligence; Count Seven – Negligent Failure to Supervise Children; Count Eight – Intentional Infliction of Emotional Distress; and Count Nine – Negligent Infliction of Emotional Distress. Defendants argue that Plaintiff's First Amended Complaint should be dismissed based on Plaintiff's failure to state a claim against Cedar County Sheriff's Department; Plaintiff's allegations are insufficient to support a claim under 18 U.S.C. § 1581; Plaintiff's tort claims are barred by sovereign immunity; Plaintiff fails to state a claim for violations of 42 U.S.C. § 1983; and Plaintiff fails to state a claim against Defendants in their official capacity. The Court will take each in turn.

**STANDARD**

A complaint must contain factual allegations that, when accepted as true, are sufficient to state a claim of relief that is plausible on its face. *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (internal citations omitted). The complaint's factual allegations must be sufficient to "raise a right to relief above the speculative level," and the motion to dismiss must be granted if the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 545 (2007). Further, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

**DISCUSSION**

**I.     Cedar County Sheriff's Department**

Cedar County Defendants first argue that the Cedar County Sheriff's Department is not a suable entity. The Court agrees. A sheriff's department is not a suable entity. *See De la Garza v. Kandiyohi Cty. Jail*, 18 F. App'x 436, 437 (8th Cir. 2001) (affirming district court dismissal of county jail and sheriff's department as parties because they are not suable entities); *see also Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) ("[C]ounty jails are not legal entities amenable to suit."); *Ketchum v. City of West Memphis*, 974 F.2d 81, 82 (8th Cir. 1992) (stating that "departments or subdivisions" of local government are not "juridical entities suable as such"). The Court finds no statutory authorization for the Cedar County Sheriff's Department to sue or be sued.

For these reasons, Cedar County Defendants' Motion to Dismiss Cedar County Sheriff's Department is **GRANTED**. Cedar County Sheriff's Department is hereby dismissed from this case.

**II.     18 U.S.C. § 1581**

Plaintiff brings Count Five – Action Under 18 U.S.C. § 1581 et seq. against all Defendants. Cedar County Defendants argue that Plaintiff did not cure the deficiencies outlined in the Court's April 28, 2025, Order as there is no particularity as to when Cedar County Defendants received any alleged benefit for any alleged participation in any alleged joint venture. Cedar County Defendants further assert that there are no facts describing what benefits Cedar County Defendants received from the participation short of an allegation that some bulletin from an unknown Sunday service contained a comment that some unidentified Cedar County Defendants received a donation from the church. Cedar County Defendants lastly argue that 18 U.S.C. § 1581 is a criminal statute and thus a private party does not have standing to enforce it.

18 U.S.C. § 1595, often referred to as the Trafficking Victims Protection Reauthorization Act, provides a private right of action for human trafficking victims to sue their traffickers. On December 23, 2008, this right of action was expanded, allowing suits against not only traffickers themselves, but also those who knowingly benefit from a trafficking venture. Following the 2008 amendments, the law, in pertinent part, provides as follows:

> An individual who is a victim of a violation of this chapter may bring a civil action against the perpetrator (or whoever knowingly benefits, or attempts or conspires to benefit, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter) in an appropriate district court of the United States and may recover damages and reasonable attorneys' fees. 18 U.S.C. § 1595(a)

*Drew v. Householder*, No. 6:22-CV-03211-MDH, 2023 WL 8789744, at *2 (W.D. Mo. Dec. 19, 2023).

Taking the allegations in the Complaint as true for the purpose of a motion to dismiss, Plaintiff has failed to raise a right to relief above a speculative level. Here, Plaintiff's Complaint alleges:

> Defendant Cedar County and the Cedar County Sheriff's office received cash donations from Agape Baptist Church d/b/a/ Agape Boarding School as shown in their Sunday bulletins. Upon information and belief, these donations were made on a regular basis. Upon information and belief, Plaintiff understands that Cedar County Sheriff's office received remuneration for the conceal carry classes that were conducted on Agape grounds and they received permission for the firearms classes to be held at that location. The receiving of monetary donations and an event space for their classes constituted benefits conferred by the joint adventure between Agape and Cedar County Sheriff's office.

(Complaint ¶¶ 69, 70, and 72). Plaintiff's Compliant demonstrates that Defendant Agape Baptist Church made donations to Cedar County and the Cedar County Sheriff's Department. However, this does not show nor constitute a benefit from an alleged tracking venture. Plaintiff fails to state the amount of the donations, the timing of the donations as it relates to the current action, or how those donations were considered anything more than charity to the local county sheriff's department. Likewise, the renumeration for concealed carry classes are just that, payment for the use of space. While Plaintiff may attempt to plead a cause of action that Cedar County Defendants received a benefit for a venture in violation of the Trafficking Victims Protection Reauthorization Act, the allegations are tenuous and lack specificity for the Court to find this cause of action raises a right to relief above a speculative level. For the reasons stated, Cedar County Defendants' Motion to Dismiss Count Five – Action Under 18 U.S.C. § 1581 et seq. is **GRANTED**.

III. **State Tort Claims**

    A. **Cedar County, Missouri**

Plaintiff brings Counts Six – Negligence, against Defendant McCrary and Graves in their individual and official capacities. Plaintiff brings Count Seven – Negligent Failure to Supervise Children;[1] Count Eight – Intentional Infliction of Emotional Distress; and Count Nine – Negligent Infliction of Emotional Distress against all Defendants. Cedar County Defendants argue that Plaintiff's Counts Six through Nine are barred by sovereign immunity. Defendants further argue that Plaintiff has failed to plead any facts that any exception to sovereign immunity applies and thus these counts should be dismissed.

Sovereign immunity has existed by statute in Missouri since 1977, with certain exceptions that Missouri courts construe narrowly. Specifically, Mo. Rev. Stat. § 537.600, provides that municipalities generally retain sovereign immunity for both negligent and intentional tort claims unless an express exception applies. See *White v. Dulany*, No. 2:21-CV-04103-MDH, 2021 WL 4303602, at *7 (W.D. Mo. Sept 21, 2021). Review of the statute demonstrates that sovereign immunity can be waived, for example, in automobile cases and cases involving injury caused by a dangerous condition of public property. Additionally, Missouri Courts have long held that for a plaintiff to successfully bring a tort claim against a municipality, the plaintiff must plead specific facts that the municipality falls under one of the statutory exceptions. *White v. Dulany*, No. 2:21-CV-04103-MDH, 2021 WL 4303602, at *7 (W.D. Mo. Sept 21, 2021) (citing *Epps v. City of Pine Lawn*, 353 F.3d 588, 594 (8th Cir. 2003)). Although sovereign immunity is a tort protection for government entitles, not their employees, public employees are covered by two different government immunity doctrines: the official immunity and public duty doctrines. *Southers v. City of Farmington*, 263 S.W.3d 603, 610 (Mo. 2008), *as modified on denial of reh'g* (Sept. 30, 2008).

---

[1] Under Missouri law there is no cause of action titled negligent failure to supervise children. Missouri does recognize a cause of action titled negligent supervision. The Court will therefore construe this cause of action as a negligent supervision claim.

Here, Plaintiff has failed to specifically plead facts demonstrating that his claims are within an exception to sovereign immunity. Cedar County, Missouri is a political subdivision of the State of Missouri. Defendant Cedar County, Missouri is entitled to sovereign immunity absent specifically pleaded facts demonstrate that Plaintiff's claim falls within an exception as defined by Mo. Rev. Stat. §§ 537.600.1 or 537.600.2. Nowhere in Plaintiff's Complaint does he plead any facts that would indicate that Defendant Cedar County has purchased liability insurance for tort claims covered under Counts Seven through Nine. As such, Defendant Cedar County is entitled to sovereign immunity against Plaintiff's tort claims. For the reasons stated, Defendants Motion to Dismiss Count Seven – Negligent Failure to Supervise Children, Count Eight – Intentional Infliction of Emotional Distress and Count Nine – Negligent Infliction of Emotional Distress is **GRANTED** as to Defendant Cedar County, Missouri.

## B. Defendants McCrary and Graves

### i. Official Capacities with the Cedar County Sheriff's Department

Defendants McCrary and Graves to the extent they are sued in their official capacities as part of the Cedar County Sheriff's Department are entitled to sovereign immunity. Sovereign immunity bars any suits against states and their employees in their official capacities. *Montin v. Moore*, 846 F.3d 289, 292 (8th Cir. 2017); *see also Alden v. Maine*, 527 U.S. 706, 712–13, 119 S.Ct. 2240, 144 L.Ed.2d 636 (1999). Congress can abrogate sovereign immunity, like it has for claims filed pursuant to 42 U.S.C. § 1983, or states can waive sovereign immunity, but in the absence of such abrogation or waiver, sovereign immunity bars all suits. *Montin v. Moore*, 846 F.3d 289, 292 (8th Cir. 2017); *see also Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54–55, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996). Defendants McCrary and Graves, in their official capacities within the Cedar County Sheriff's Department, are employees of Cedar County, Missouri, a

political subdivision of the State of Missouri. Thus, Defendants McCrary and Graves are entitled to sovereign immunity in their official capacities with the Cedar County Sheriff's Department. As sovereign immunity applies to Defendants McCrary and Graves, and Plaintiff has not shown any abrogation or waiver of sovereign immunity, Plaintiff's Counts Six through Nine as they apply to Defendants McCrary and Graves in their official capacities with the Cedar County Sheriff's Department must be dismissed. For the reasons stated, Defendants Motion to Dismiss Count Six – Negligence, Count Seven – Negligent Failure to Supervise Children, Count Eight – Intentional Infliction of Emotional Distress and Count Nine – Negligent Infliction of Emotional Distress is **GRANTED** as to Defendants McCrary and Graves in their official capacities with the Cedar County Sheriff's Department.

### ii. Individual Capacities Regarding Negligence Claims

Cedar County Defendants next argue that McCrary and Graves are entitled to official immunity as to Plaintiff's negligence claims against them in their individual capacities. Cedar County Defendants state that Plaintiff's Complaint is void of any specific allegation as to when McCrary and Graves became aware of reports of abuse, details regarding the investigation into the abuse, what was done in response to such knowledge, and what role McCrary or Graves were acting in during the period of time Plaintiff was at Agape. Defendants additionally argue that Plaintiff fails to detail when McCrary and Graves had supervision of the students at Agape.

Missouri applies the doctrine of official immunity to "protect[] public employees from liability for alleged acts of negligence committed during the course of their official duties for the performance of discretionary acts." *Letterman v. Does*, 859 F.3d 1120, 1125 (8th Cir. 207) (quoting *Southers v. City of Farmington*, 263 S.W.3d 603, 610 (Mo. 2008)). "The official immunity doctrine, however, does not provide public employees immunity for torts committed when acting

8

in a ministerial capacity." *Id*. "A discretionary act requires the exercise of reason in the adaptation of means to an end and discretion in determining how or whether an act should be done or course pursued," *id*., while a ministerial function "is one of a clerical nature which a public officer is required to perform upon a given state of facts, in a prescribed manner, in obedience to the mandate of legal authority, without regard to his own judgment or opinion concerning the propriety of the act to be performed[.]" *Id*. Which category an act falls into is determined "on a case-by-case basis" considering three factors: "(1) the nature of the public employee's duties; (2) the extent to which the act involves policymaking or exercise of professional judgment; and (3) the consequences of not applying official immunity." *Id*. However, official immunity does not apply where the discretionary act "is willfully wrong or done with malice or corruption." *Id*.

Here, Plaintiff alleges "[d]uring the times that they supervised the boys, they each learned that boys were being abused at the school." (Complaint ¶ 79). "Despite such knowledge, the Defendants breached their duty to protect Joshua when they failed to protect Joshua from the abuses, neglect and misfeasance described herein." (Complaint ¶ 82). Plaintiff further argues that Defendants actions in threatening to taze Plaintiff for reporting, failing to take any action when the crimes on his body were reported, refused to make the required reports to the Children's Division and otherwise preventing those who could act on his behalf from leaning of or taking action created liability.[2] (Complaint ¶ 92).

Defendants McCrary and Graves are entitled to official immunity arising out of employment as deputies of the Cedar County Sheriff's Department. Plaintiff has failed to allege

---

[2] Plaintiff alleges Defendants actions in threatening to taze Joshua for reporting but nowhere in the Complaint does Plaintiff state who made the threat other than a general allegation that "Plaintiff made so many reports to law enforcement when they were on premises, that he reports that they threatened to taze him if he kept bothering them." (Complaint ¶ 24).

any ministerial capacity that would exclude Defendants McCrary and Graves from official immunity. Missouri case law holds that the investigation of a crime and the decision to arrest a suspect constitute discretionary acts for purposes of Missouri's official-immunity doctrine. *Jiang v. Porter*, 156 F.Supp.3d 996, 1006 (E.D. Mo. 2015) (citing *Reasonover v. St. Louis Cnty., Mo.*, 447 F.3d 569, 585 (8th Cir. 2006)). Further, Missouri case law states that Mo. Rev. Stat. § 210.115, which imposes on the officers a duty to report child abuse to the Missouri Children's Division is a discretionary function. *See K.B. v. Waddle*, 764 F.3d 821, 825 (8th Cir. 2014). Plaintiff's Complaint also fails to allege with particularity any event that would show specifically that Defendant McCrary or Graves actions were willfully wrong or done with malice or corruption. For the reasons stated, Defendants McCrary and Graves are entitled to official immunity and thus Defendants' Motion to Dismiss Count Six – Negligence; Count Seven – Negligent Failure to Supervise Children; and Count Nine – Negligent Infliction of Emotional Distress are **GRANTED** as to Defendants McCrary and Graves in their individual capacities.

### IV. Individual Capacities Regarding Intentional Infliction of Emotional Distress

Taking the allegations as true for the purposes of a motion to dismiss, the Court finds Plaintiff has failed to allege a right to relief above a speculative level. To state a claim for intentional infliction of emotional distress, a plaintiff must plead extreme and outrageous conduct by a defendant who intentionally or recklessly causes severe emotional distress that results in bodily harm." *Kyndryl, Inc. v. Cannady*, No. 23-03279-CV-S-BP, 2024 WL 3102043, at *5 (W.D. Mo. May 28, 2024), *appeal dismissed sub nom. Kyndryl Holdings, Inc. v. Cannady*, No. 24-2279, 2024 WL 5240820 (8th Cir. Nov. 5, 2024) (citing *Gibson v. Brewer*, 952 S.W.2d 239, 249 (Mo. 1997)). In addition, "[t]he conduct must be intended only to cause extreme emotional distress to the victim." *Gibson v. Brewer*, 952 S.W.2d 239, 249 (Mo. 1997).

Here, Plaintiff alleges:

> Defendants actions in threatening to taze Joshua for reporting, failing to take any action when the crimes on his body were reported and refusing to make the required reports to the Children's Division and otherwise preventing those who could act on his behalf from learning of or taking action regarding the abuses at Agape intentionally inflicted emotional and physical pain upon him and placed Plaintiff in the zone of danger.

(Complaint ¶ 92). Plaintiff fails to identify who threatened to taze Plaintiff or separate out the claims made between Defendants McCrary, Graves or other individuals acting on behalf of the Cedar County Sheriff's Department. Plaintiff further fails to allege how Defendants McCrary and Graves actions caused severe emotional distress that resulted in bodily harm. The Court finds this pleading is not sufficient at this stage of the litigation to raise a right of relief above a speculative level. For the reasons stated, Cedar County Defendants' Motion to Dismiss Count Eight – Intentional Infliction of Emotional Distress as to Defendnats McCrary and Graves in their individual capacities is **GRANTED**.

V.  **42 U.S.C. § 1983**

   A.  **Cedar County, Missouri**

Plaintiff brings Count One – 42 U.S.C. § 1983 Failure to Train; Count Two – 42 U.S.C. § 1983 Failure to Protect; Count Three – Aiding and Abetting Constitutional Violations; and Count Four – 42 U.S.C. § 1983 Supervisory liability against all Defendants. Cedar County Defendants argue that Plaintiff's Complaint is void of any official custom or policy that allegedly led to a constitutional deprivation. Cedar County Defendants further argue that Plaintiff's Complaint is void of any details of when McCrary or Graves allegedly because aware of the reports of abuse, their investigations into the abuses, what role they were in while Plaintiff was at Agape, and alleged responsibilities while Plaintiff was at Agape.

A § 1983 action against an individual in his or her official capacity is equivalent to a claim against the entity itself, requiring proof that an official custom or policy led to a constitutional deprivation. *Hafer v. Melo*, 502 U.S. 21, 25, 112 S.Ct. 358, 116 L.Ed. 2d 301 (1991). The Complaint alleges that Defendants acted pursuant to a policy or custom of Defendant Cedar County in:

> refusing to make reports of abuse to the Children's Division;
>
> refusing to investigate complaints of physical and sexual abuse of children at religious boarding schools:
>
> allowing conflicts of interest such that individuals who were charged with abuse of children were allowed to investigate and/or make recommendations regarding the outcomes of those complaints;
>
> hiding the fact of abuse from parents, the Children's Division and all authorities who had the ability to investigate those complaints;
>
> allowing personnel to affirmatively aid and abet the abuse occurring at the facility;
>
> allowing personnel to use their position as law enforcement officers to enforce peonage, trafficking and abuse in violations of the Wilberforce Trafficking Act. G. Other similar acts.

(Complaint ¶ 34). Plaintiff alleges that he had a right to bodily integrity and a substantive due process right to protection during the time that Defendants had custody and control over him. (Complaint ¶¶ 45 and 47). Plaintiff further alleges that Defendant Cedar County's policy or custom, its failure to adopt clear policies and failure to properly train its deputies were a direct and proximate cause of the constitutional deprivation suffered by Plaintiff. (Complaint ¶ 40).

Taking the allegations as true for the purpose of a motion to dismiss Plaintiff has sufficiently plead facts that would demonstrate a right to relief above a speculative level. Plaintiff outlines the alleged custom/policies in his Complaint and how it led to a constitutional deprivation of his rights. At this stage of the litigation Plaintiff is allowed to proceed on his 42 U.S.C. § 1983 claims. For the reasons stated, Cedar County Defendants' Motion to Dismiss Count One – 42

U.S.C. § 1983 Failure to Train, Count Two – 42 U.S.C. § 1983 Failure to Protect, Count Three – Aiding and Abetting Constitutional Violations, and Count Four – 42 U.S.C. § 1983 Supervisory Liability is **DENIED** as to Defendant Cedar County, Missouri.

> B. **Defendants McCrary and Graves in their Individual Capacities**

Cedar County Defendants argue that McCrary and Graves are entitled to qualified immunity and that Plaintiff's First Amended Complaint is void of any specific allegations that would defeat qualified immunity. Specifically, Cedar County Defendants argue that Plaintiff neither alleged any wrongful conduct by McCrary while Plaintiff was at Agape nor alleged conduct by McCrary that violated a constitutional or clearly established right. Cedar County Defendants argue that Plaintiff failed to allege with any particularity any conduct by Graves other than alleged knowledge of physical and sexual abuse.

Government officials "are entitled to qualified immunity under § 1983 unless (1) they violated a federal statutory or constitutional right, and (2) the unlawfulness of their conduct was clearly established at the time." *Johnson v. Schurman*, 145 F.4th 897, 903 (8th Cir. 2025) (quoting *Dist. of Columbia v. Wesby*, 583 U.S. 48, 62–63, 138 S.Ct. 577, 199 L.Ed.2d 453 (2018)). To determine if an individual is entitled to qualified immunity, the Court must conduct a two-part inquiry: "(1) [whether] the facts, viewed in the light most favorable to the plaintiff, demonstrate the deprivation of a constitutional or statutory right; and (2) [whether] the right was clearly established at the time of deprivation." *Ryno v. City of Waynesville*, 58 F.4th 995, 1004 (8th Cir. 2023) (quoting *Jones v. McNeese*, 675 F.3d 1158, 1161 (8th Cir. 2012)). A right is "clearly established" when its contours are "sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Id*. (quoting *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987)). The courts have the discretion to decide which of the two

13

prongs of qualified-immunity analysis to tackle first. *Lombardo v. City of St. Louis*, 38 F.4th 684, 690 (8th Cir. 2022) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 735, 131 S.Ct. 2074, 179 L.Ed.2d 1149 (2011)).

The Court will proceed first to determine whether the facts, viewed in the light most favorable to Plaintiff, demonstrate the deprivation of a constitutional or statutory right.

### i. Defendant McCrary

Plaintiff alleges:

> During his tenure with the Sheriff's Department, McCrary became aware of and "investigated" reports of abuse at Agape Boarding School. Sheriff McCrary took no actions regarding the inherent conflict of interest that existed as his employees were some of the same individuals who had reports of abuse made against them. No effective actions were taken regarding the reports of abuse. Sheriff McCrary maintained a policy or practice of refusing to investigate and/or report allegations of abuse at Agape, returning children to the school for further abuse. Sheriff McCrary failed to train his officers and deputies causing foreseeable harm to these children.

(Complaint ¶ 5). Plaintiff further alleges that "he knew both men who became Sheriff of Cedar County and made report to both of them – McCrary and Dwerlkotte." (Complaint ¶ 25). Plaintiff additionally alleges that "Defendants Sheriff, Cedar County, Graves and Cedar County Deputies received numerous reports of physical and sexual abuse of students amounting to violations of students' well-established right to bodily integrity." (Complaint ¶ 37).

Plaintiff's allegations, taken in the light most favorable to him fail to show a deprivation of a statutory or constitutional right of Plaintiff from Defendant McCrary. While Plaintiff alleges the constitutional right that was violated was Plaintiff's right to bodily integrity, it is generally unclear how Defendant McCrary violated that right. Plaintiff's Complaint attempts to tie unspecified reports of abuse by students to the inaction of Defendant McCrary. However, the Complaint does not state what were in those alleged reports of abuse, when those reports of abuse

14

were made, nor how they relate to Plaintiff. While Plaintiff does allege he made a report to Defendant McCrary, the Complaint does not detail what the substance of the report was, when the report was made, or any details that would warrant liability to Defendant McCrary for the alleged constitutional deprivation suffered by Plaintiff.

Additionally, Plaintiff attempts to claim Defendant McCrary had supervisory responsibilities or was a policy maker for Cedar County in the Complaint. However, the Complaint specifically alleges that Plaintiff attended Agape from 2014-2016 and Defendant McCrary was not elected to the position of Cedar County Sheriff until 2017. The Court finds that, even taking the allegations in the Complaint in the light most favorable to Plaintiff, Plaintiff has failed to show a constitutional deprivation caused by Defendant McCrary.

The Court finds Defendant McCrary is entitled to qualified immunity and will dismiss the 42 U.S.C. § 1983 counts against him in his individual capacity. For the reasons stated, Defendants' Motion to Dismiss Count One – 42 U.S.C. § 1983 Failure to Train; Count Two – 42 U.S.C. § 1983 Failure to Protect; Count Three – Aiding and Abetting Constitutional Violations; and Count Four 42 U.S.C. § 1983 Supervisory Liability is **GRANTED** as to Defendant McCrary in his individual capacity.

### ii. Defendant Graves

As to Defendant Graves, Plaintiff alleges "Graves knew of the physical and sexual abuse of Joshua as well as others and engaged in abuse of the boys." (Complaint ¶ 7). Plaintiff further alleges that:

> Plaintiff's father, when he found out what was going on at Agape, also made a report to the police. Deputy Graves told Plaintiff's father that no evidence of abuse had been found. Graves moonlighted at Agape as a security guard and has been alleged to have abused children there.

15

(Complaint ¶ 26). Plaintiff additionally alleges that "Defendants Sheriff, Cedar County, Graves and Cedar County Deputies received numerous reports of physical and sexual abuse of students amount to violations of students' well-established right to bodily integrity. (Complaint ¶ 37).

Plaintiff's allegations, taken in the light most favorable to Plaintiff fail to show a deprivation of a statutory or constitutional right of Plaintiff by Defendant Graves. Nowhere in the Complaint does Plaintiff claim any report was made by Plaintiff to Defendant Graves. Likewise, Plaintiff makes no mention of how Defendant Graves was responsible for the alleged constitutional deprivation of Plaintiff other than conclusory allegations of reports with no detail on when they were made, what the substance of those reports were, or any details that would warrant liability to Defendant Graves. Additionally, the Complaint fails to indicate how Defendant Graves would have any influence on the policies or customs of the Cedar County Sheriff's Department within his role as a Deputy Sheriff nor any alleged responsibilities he had in training officers. Thus, the Court finds that even taking the allegations in the Complaint in the light most favorable to Plaintiff, Plaintiff has failed to show a constitutional deprivation caused by Defendant Graves. For the reasons stated, the Court finds Defendant Graves is entitled to qualified immunity in his position as a Deputy Sheriff for Cedar County Sheriff's Department and thus Defendants' Motion to Dismiss Count One – 42 U.S.C. § 1983 Failure to Train; Count Two – 42 U.S.C. § 1983 Failure to Protect; Count Three – Aiding and Abetting Constitutional Violations; and Count Four 42 U.S.C. § 1983 Supervisory Liability; is **GRANTED** as to Defendant Graves in his individual capacity.

## CONCLUSION

For the reasons set forth herein, Cedar County Defendants' Motions to Dismiss Plaintiff's First Amended Complaint is **GRANTED IN PART AND DENIED IN PART**. Defendant Cedar County Sheriff's Department is dismissed from the case. Cedar County Defendants' Motion to

Dismiss Count One – 42 U.S.C. § 1983 Failure to Train, Count Two – 42 U.S.C. § 1983 Failure to Protect, Count Three – Aiding and Abetting Constitutional Violations, and Count Four – 42 U.S.C. § 1983 Supervisory Liability is **DENIED** as to Defendant Cedar County and **GRANTED** as to Defendants McCrary and Graves in their individual capacities. Cedar County Defendants' Motion to Dismiss Count Five – Action Under 18 U.S.C. § 1581 et seq is **GRANTED**. Cedar County Defendants' Motion to Dismiss Count Six – Negligence, Count Seven – Negligent Failure to Supervise Children, Count Eight – Intentional Infliction of Emotional Distress and Count Nine – Negligent Infliction of Emotional Distress are **GRANTED**.

**IT IS SO ORDERED.**

Dated: October 23, 2025                    */s/ Douglas Harpool*
                                           **DOUGLAS HARPOOL**
                                           **United States District Judge**